**NEW CHRISTIAN VALLEY M.B. CHURCH, et al., Plaintiffs,**

v.

**The BOARD OF EDUCATION OF SCHOOL DISTRICT # 149, et al., Defendants.**

**No. 88 C 8070.**

United States District Court, N.D. Illinois, E.D.

Feb. 8, 1989.

---

## MEMORANDUM OPINION

PRENTICE H. MARSHALL, District Judge.

The present dispute arises out of a contract by the defendants to sell an abandoned school building, known as the Waterman School, to the plaintiff church. The defendants repudiated the sales contract, and the plaintiffs now seek specific performance and relief under the federal civil rights laws.

Under Illinois law, the title to school buildings controlled by local public school boards is vested in the trustees of schools of the township in which the real property is located. Ill.Rev.Stat. ch. 122 ¶ 5–21 (1987). When a school board determines that a building has become unnecessary for the use of the school district, it may direct the trustees of schools holding title to that building to sell it upon specified terms. Within 60 days of such notification, the trustees must attempt to sell the property upon the terms specified at a public sale. Ill.Rev.Stat. ch. 122 ¶ 5–21.

In September 1987, the Board of Education of School District #149 (the

"Board") directed the Trustees of Schools ("Trustees") in its district to conduct a public sale of the Waterman School building, located in South Holland, Illinois. At the public sale of this building, the highest bidder was the New Christian Valley M.B. Church (the "Church"), a church with a black congregation. Complaint ¶ 17. Shortly thereafter, the Church and the Trustees entered into a real estate sale contract for the sale of the Waterman School, with closing set for May 18, 1988.

During the months between the sale and the closing date, there was a public outcry by many white South Holland residents because the Waterman School building was being sold to a black church. Complaint ¶ 13–14.

On May 16, 1988, the Church tendered the amount due at closing under the sales contract, but its tender was refused by the Trustees. In June, the Board formally directed the Trustees to null and void its contract with the Church for the sale of the building. The Trustees immediately did so.

The Church, its pastor, and three members of its congregation have now filed suit against the Board, the Trustees, and their individual members for violation of federal civil rights statutes and Illinois state contract law in connection with the repudiated sales contract. The Board and its members have filed a motion to dismiss the allegations of the individual plaintiffs for failure to state a claim and for lack of standing. The Trustees of Schools and its individual members have filed a separate motion seeking to be dismissed as parties defendant.

## I. Arguments of the Board of Education

The Board has singled out Count II of the complaint for its most vigorous attack. This count alleges that the defendants' actions have denied the individual plaintiffs the same right as is enjoyed by white citizens to lease and hold real property in violation of 42 U.S.C. § 1982. The Board argues that this count fails to state a claim upon which relief can be granted because it does not allege the existence of any contract for the sale or lease of realty

or any other transaction between the defendants and the individual plaintiffs.

It is axiomatic that complaints under § 1982 are to be liberally construed in a manner consistent with the "broad and sweeping" nature of its protection. *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 238, 90 S.Ct. 400, 404, 24 L.Ed.2d 386 (1969). However, we must agree with the defendants that Count II fails to state a cause of action. The individual plaintiffs cannot allege that the defendants denied them the right to lease and hold real property unless they show that they attempted to do so. No such showing has been made here, and the count must be dismissed.

Defendants' argument that the individual plaintiffs' prayers for relief in Counts I, III, and IV must be dismissed because of the lack of transactions between the parties have no merit. Under the civil rights statutes, a plaintiff need not have been the direct victim of discrimination, so long as he suffered injury as the result of the defendant's conduct. *See, e.g., Havens Realty Corp. v. Coleman*, 455 U.S. 363, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982) (Organization had standing to challenge racial steering); *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979) (Residents of neighborhood had standing to challenge discriminatory practices of realty company).

In this case the individual plaintiffs allege that as a result of the defendants' dealings with their church, the defendants caused the plaintiffs to suffer mental anguish, humiliation, embarrassment, and the loss of religious and social benefits of worshipping in an integrated community. These allegations are clearly sufficient to state "distinct and palpable" injuries sufficient to confer standing to challenge the defendants' alleged conduct under the civil rights statutes. Therefore, we deny defendants' motion to dismiss these counts.

## II. Arguments of the Trustees of Schools

The Board of Trustees and its individual members present two arguments in favor of dismissing them as parties defendant in this action. They first argue that

under Illinois law, the Board of Trustees is a mere title holder of school board property. It can do nothing when selling school property unless acting under specific instructions from the school board. Since they act as mere tools of the school board's will in this regard, the Trustees argue that they can not be guilty of any discrimination.

The Board of Trustees' argument that it should be able to avoid responsibility for its allegedly unconstitutional actions by hiding behind its responsibility to the School Board is not well taken. Where a government action clearly violates a plaintiff's constitutional rights, the body which voluntarily carried out that government policy has no room to plead that it should be dismissed as a defendant. *See, Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (Single act of municipal officer can constitute government "policy"). The Board of Trustee's motion to be dismissed as party defendant is denied.

The Board of Trustees next argues that its members cannot be sued in their individual capacities in this action because their action on the Board of Trustees was in their official capacity. We also reject this argument. A plaintiff may pursue damages against a defendant in his individual capacity by alleging that the defendant acted or failed to act with a deliberate or reckless disregard of the plaintiff's constitutional rights or that "the conduct causing the deprivation [occurred] at his direction or with his knowledge and consent." *Crowder v. Lash*, 687 F.2d 996 (7th Cir. 1982). The plaintiffs in this action have met these pleading requirements, and we therefore deny the defendants' motion to dismiss them as defendants in their individual capacity.

The defendants' final argument is that the plaintiffs have failed to allege a cause of action for specific performance of the sales contract. This argument has no merit, and it is denied.

## ORDER

Defendants' motion to dismiss Count II of the complaint is granted. All other motions presented by the defendants at this time are denied.